RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/28/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RICKY LEE MARTIN,<br>     Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00222 |
| VERSUS | |
| W.A. SHERROD,<br>     Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Ricky Lee Martin ("Martin") on January 31, 2011 (Doc. 1). Martin is contesting his 33 month sentence, imposed in September 2007 by the U.S. District Court for the Eastern District of Michigan, on one count of possession of a firearm by a convicted felon. U.S. v. Martin, 2:06-cr-20627 (E.D.Mich.). Martin contends the sentence was imposed to run concurrently with Martin's sentence on supervised release violations, but the U.S. Bureau of Prisons ("BOP") is forcing him to serve the sentence consecutively to his other sentence.

The Respondent contends Martin has failed to exhaust his administrative remedies because he failed to appeal the Regional Director's decision to the General Counsel at the national level (Doc. 6).

The administrative remedy procedures which must be followed by

a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. The first step of the administrative remedy is an informal resolution attempt filed with the prison staff. 28 C.F.R. § 542.13. The second step is a formal grievance filed with the warden. 28 C.F.R. § 542.14. The regulations also provide for an appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

> § 542.15 Appeals.
>
> (a) Submission. An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.
> (b) Form.
> (1) Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP- 11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal.
> (2) An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.
> (3) An inmate shall complete the appropriate form with

>  all requested identifying information and shall state the reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 ½ " x 11") continuation page. The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office (the inmate is also to provide copies of exhibits used at the prior level(s) of appeal). The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal (see 28 CFR part 503 for addresses of the Central Office and Regional Offices).

Once a prisoner has exhausted his administrative remedies through the BOP, he may then file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. U.S. v. Setser, 607 F.3d 128, 133 n.3 (5th Cir. 2010), cert. granted, __S.Ct.__ (U.S. 6/132011), and cases cited therein.

Both Martin and the Respondent have submitted copies of Martin's administrative remedies (Docs. 1, 6), which reflect that Martin has not appealed to the National Inmate Appeals Administrator, Office of General Counsel. Martin states in his reply brief (Doc. 9) that he was in the SHU when he gave his national appeal to the general counsel to the officers for mailing, and admits that appeal never reached its destination. Martin has not provided a copy of that appeal. Although Martin implies the officers failed to mail his appeal, it is just as likely that his appeal was lost in the mail or at the office of general counsel. In any event, Martin states he then decided to try filing a habeas petition with the court, apparently deciding to forego another

appeal.

Since Martin did not exhaust his administrative remedies, his habeas petition should be dismissed without prejudice for lack of exhaustion.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Martin's Section 2241 habeas petition be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

4

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 27th day of July, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE